UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 23-0330 (CJN) |
| U.S. DEPARTMENT JUSTICE, | |
| *Defendant*. | |

## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), Defendant Department of Justice ("Department"), by and through the undersigned counsel, respectfully moves for judgment on the pleadings based on Plaintiffs Heritage Foundation and Mike Howell's failure to exhaust their administrative remedies. A proposed order is attached.

## BACKGROUND

Plaintiffs filed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on November 18, 2022. Compl. ¶ 12, ECF No. 1. The Department responded on December 13, 2022, denying the request in full. *Id.* ¶ 13. Plaintiffs filed an administrative appeal on January 7, 2023. *Id.* ¶ 14. "20 working days from January 7, 2023 is February 6, 2023." *Id.* ¶ 15. Plaintiffs sued on February 6, 2023, exactly 20 working days after filing the administrative appeal. *Id.* at 11.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted when the movant "demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760

(D.C. Cir. 2019). A "court evaluating the [Rule] 12(c) motion [must] accept as true the allegations in the opponent's pleadings." *Id.* at 761 (internal quotation marks omitted).

## ARGUMENT

Plaintiffs failed to exhaust their administrative remedies because they did not wait a full 20 days after filing their administrative appeal before suing. "As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." *Machado Amadis v. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020) (internal quotation marks omitted); *see also Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit."); *Oglesby v. Dep't of Army*, 920 F.2d 57, 62-63 (D.C. Cir. 1990) ("FOIA requires exhaustion of [the administrative] appeal process before an individual may seek relief in the courts."); *Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases"). Exhaustion "is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail." *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 139 (D.D.C. 2008). Failure to exhaust under FOIA generally acts "as a bar to judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *see also Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985) ("Exhaustion of [administrative] remedies is required under [FOIA] before a party can seek judicial review.").

"Exhaustion is required so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Machado Amadis*, 971 F.3d at 372 (internal quotation marks omitted). FOIA's "exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates

unnecessary judicial review." *Oglesby*, 920 F.2d at 61. Allowing a requester "to pursue judicial review without benefit of prior [agency] consideration" of its administrative appeal "would cut off the agency's power to correct or rethink initial misjudgments or errors" and "undercut the purposes of exhaustion, namely, preventing premature interference with agency processes, affording the parties and the courts the benefit of the agency's experience and expertise, or compiling a record which is adequate for judicial review." *Hidalgo*, 344 F.3d at 1259-60 (cleaned up).

"Each agency, upon any request for records" under FOIA, "shall . . . make a determination with respect to any appeal within twenty days (excluding Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii). A requester thus "will be deemed to have fully exhausted his administrative remedies and may bring suit" only "if the agenc[y] do[es] not respond within twenty days of the appeal." *Oglesby*, 920 F.2d at 66; *see also Maryland v. Dep't of Veteran Affs.*, Civ. A. No. 14-1318 (RMC), 2015 WL 13676389, at *1 n.1. (D.D.C. Feb. 5, 2015) (a "requester will be deemed to have fully exhausted his administrative remedies and may bring suit only after the administrative appeals or if the agencies do not respond within twenty days of the appeal" (internal quotation marks omitted)); *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 23 (D.D.C. 1998) (requester "will be deemed to have fully exhausted his administrative remedies" only "if the FBI does not respond within twenty days of the appeal"). By requiring an agency to resolve an administrative appeal "within twenty days," 5 U.S.C. § 552(a)(6)(A)(ii), moreover, FOIA entitles an agency up through and including the full 20th day to resolve the appeal before the requester may sue. *See, e.g.*, Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period").

There is no dispute that Plaintiffs failed to exhaust their administrative remedies. By their own admission, Plaintiffs did not wait 20 full business days after filing their administrative appeal

before rushing to court. *See* Compl. ¶ 14. Instead, they sued on the 20th day. *Id.* Nor do they argue that anything in FOIA's text excuses them from FOIA's command to give the Department a full 20 days to resolve the administrative appeal. Instead, Plaintiffs ask this Court to excuse their failure to comply with FOIA's plain text. This Court should decline that atextual invitation.

Plaintiffs' assertion that "[e]xhaustion is a prudential consideration," Jt. Status Rpt. at 2, ECF No. 7, is both incorrect, *see supra* at 2-3, and in any event does not alter this analysis. To the extent Plaintiffs use the term "prudential" to mean "judge-made," they are mistaken—FOIA's 20-day administrative appeal exhaustion requirement is statutory. 5 U.S.C. § 552(a)(6)(A)(ii). While "judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions . . . . a statutory exhaustion provision stands on a different footing." *Ross v. Blake*, 578 U.S. 632, 639 (2016). "[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion," and courts "refus[e] to add unwritten limits onto their rigorous textual requirements." *Id.* To the extent that Plaintiffs mean only that exhaustion reflects a prudential judgment call, it is one that Congress has made, and which courts must honor. *See id.* at 640 ("We are interpreting and applying not a judge-made doctrine but a statutory requirement, and therefore must honor Congress's choice." (cleaned up)); *see also Bridgeport Hosp. v. Becerra*, 589 F. Supp. 3d 1, 10 (D.D.C. 2022) (rejecting interpretive argument that was "based on policy considerations run[ning] contrary to the statutory text").

Plaintiffs' assertion that they "filed their complaint after close of business on the 20th day," Jt. Status Rpt. at 1, is immaterial. Plaintiffs seem to be arguing that fully exhausting the appeal would have been futile, but "there is no futility exception to the exhaustion requirement in FOIA cases." *Freedom Watch, Inc. v. Nat'l Sec. Agency*, 134 F. Supp. 3d 437, 439 (D.D.C. 2015); *accord Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 227 n.2 (D.D.C. 2012) (plaintiff "has cited no

caselaw establishing or addressing a futility exception to the exhaustion requirement in FOIA cases"); *Rosenberg v. ICE*, 954 F. Supp. 2d 1, 13 (D.D.C. 2013) ("Plaintiff cites no authority demonstrating the futility exception applies to the administrative exhaustion requirement under the FOIA"). To the contrary, "binding Circuit precedent could not be clearer: exhaustion of administrative remedies 'is a mandatory prerequisite to a lawsuit under FOIA.'" *Freedom Watch, Inc.*, 895 F. Supp. 2d at 227 n.2 (citing *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004)); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Plaintiffs' decision to rush to court contravenes both Circuit precedent and FOIA's statutory scheme, which "specifically provides for an administrative appeal process following an agency's denial of a FOIA request." *Oglesby*, 920 F.2d at 61; *see supra* at 2-3.

Circuit precedent construing Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-1 *et seq.*, reinforces that the futility doctrine does not apply under FOIA. The D.C. Circuit has rejected a futility exception to Title VII's requirement that a plaintiff may sue only 180 days after filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Martini v. Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1346 (D.C. Cir. 1999); *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010). In *Martini*, the Circuit explained that in enacting the 180-day provision, "Congress well understood that the EEOC's limited resources preclude it from investigating every charge within 180 days, but nevertheless hoped that recourse to the private lawsuit will be the exception and not the rule." 178 F.3d at 1346 (cleaned up). So, too, under FOIA. *See Oglesby*, 920 F.2d at 64 ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.").

Even if the futility doctrine applied in FOIA suits, it would not help Plaintiffs. The D.C. Circuit applies a "strict futility standard requiring a certainty of an adverse decision." *Tesoro Ref. & Mktg. Co. v. FERC*, 552 F.3d 868, 874 (D.C. Cir. 2009) (cleaned up). The Department still could have resolved the administrative appeal by the end of the 20th day, however likely or unlikely that may have seemed—there was no "certainty," *id.*, that it would miss the 20-day deadline. Plaintiffs' assertion that this "hypothetical" possibility lacks "plausibility," Jt. Status Rpt. at 1, misses the point. The relevant question is not whether it is likely or even plausible that the Department would have resolved the appeal by the end of the day, but only whether it is certain that the Department would not have done so. *See Tesoro Ref.*, 552 F.3d at 874 (futility requires not merely "that an unfavorable decision was highly likely," but that further pursuit of administrative remedies "would be clearly useless" (cleaned up)). The fact that the Department did not end up doing so is irrelevant —futility turns on the facts known at the time of the decision to eschew further pursuit of agency remedies, not on subsequent events. *See id.* (rejecting argument "that it would have been futile to raise an argument because the agency would reject it in the future," because "[w]e are aware of no case . . . in which the futility doctrine has been invoked based on a subsequent agency decision").

The fact that less than one day remained on the 20-day clock, meanwhile, is a double-edged sword at best. Any burden Plaintiffs would have experienced in complying with the law and waiting just a day longer before suing would have been trivial. In any event, courts routinely hold plaintiffs to their failure to satisfy an exhaustion requirement by even a single day. *See, e.g.*, *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) ("Courts apply [Title VII's 180-day] limit strictly and will dismiss a suit for missing the deadline by even one day." (internal quotation marks omitted)); *Smith v. Dalton*, 971 F. Supp. 1, 4 (D.D.C. 1997) (dismissing claims filed one day late).

Amending the complaint, moreover, would not cure Plaintiffs' failure to exhaust. The D.C. Circuit has explained, in the Title VII context, that "the filing of an amended complaint after the 180-day period expired cannot cure the failure to exhaust. . . . [A]llowing [a plaintiff] to cure his failure to exhaust administrative remedies by amending his complaint would contravene EEOC's investigative duty and undermine Congress' policy of encouraging informal resolution up to the 180th day." *Murthy*, 609 F.3d at 465 (internal quotation marks omitted); *see also Jones v. Dep't of Just.*, No. 15-5246, 2017 WL 3895064, at *1 (D.C. Cir. July 14, 2017) ("As to Jones's argument that his suit ripened for review once it was pending before the district court after the 120-day period required by statute, this Court has already rejected similar arguments that a failure to exhaust may somehow be cured."). That rationale applies with equal force to FOIA's statutory exhaustion rule.

Finally, Plaintiffs' characterization of FOIA's exhaustion requirement as "a technicality that is not even a technicality," Jt. Status Rpt. at 2, is inaccurate. As numerous judges in this District have recognized, "[f]ailure to exhaust administrative remedies is *not* a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review, denying the agency an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99 (D.D.C. 2013) (italics in original); *accord Khine v. Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018), *aff'd*, 943 F.3d 959 (D.C. Cir. 2019) (same); *Jud. Watch, Inc. v. Dep't of Just.*, 410 F. Supp. 3d 216, 221 (D.D.C. 2019) (same); *Rosenberg*, 956 F. Supp. 2d at 40 (same).

The need to enforce FOIA's statutory exhaustion requirement is especially acute given the ever-growing number of FOIA suits filed in this District, rush to the courthouse that occurred here and in so many other cases, and numerous alternatives to FOIA litigation that Congress has created.

"Court dockets in this district overflow with [FOIA] matters." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 79 (D.D.C. 2021). Plaintiffs all too often do not avail themselves of the multiple "alternative[s] to litigation" that Congress created specifically to "help reduce the number of requests that are eventually resolved through costly and time-consuming litigation." 153 Cong. Rec. at H16,790. In 2007, Congress established at each agency a "FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." 121 Stat. at 2526 (5 U.S.C. § 552(a)(6)(B)(ii)). It also created a government-wide Office of Government Information Services to "offer mediation services to resolve disputes . . . as a non-exclusive alternative to litigation." *Id.* at 2529 (5 U.S.C. § 552(h)). Congress's creation of two separate voluntary alternatives to litigation signals its preference for encouraging requesters and agencies, both acting in good faith, to minimize FOIA's costs and burdens on both the courts and litigants. Neither Plaintiffs' sidestepping of FOIA's exhaustion rule, thus initiating "unnecessary judicial review," *Oglesby*, 920 F.2d at 61, nor their failure to engage with the multiple alternative mechanisms available for requesters to avoid FOIA lawsuits should not be countenanced.

*      *      *

**CONCLUSION**

This Court should enter judgment on the pleadings for the Department.

Dated: May 22, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERITAGE FOUNDATION et al.,

*Plaintiffs*,

v.                                                    Civil Action No. 23-0330 (CJN)

U.S. DEPARTMENT JUSTICE,

*Defendant*.

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion for judgment on the pleadings and the

entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that judgment is ENTERED for Defendant.


SO ORDERED.


_____                           _____
Dated                                           CARL J. NICHOLS
                                                United States District Court Judge