UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION *et al.*,<br><br>                    *Plaintiffs*,<br><br>       v.<br><br>U.S. DEPARTMENT JUSTICE,<br><br>                    *Defendant*. | Civil Action No. 23-0330 (CJN) |

## REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Department of Justice ("the Department"), by and through undersigned counsel, respectfully replies in support of its motion for judgment on the pleadings, ECF No. 8.

## ARGUMENT

This dispute arises from a records request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that Plaintiffs Heritage Foundation and Mike Howell submitted to the Federal Bureau of Investigation ("FBI"). *See* Compl., ECF No. 1. In moving for judgment on the pleadings, the Department explained that Plaintiffs failed to exhaust administrative remedies because they did not wait a full 20 days after filing their administrative appeal before filing suit. In response, Plaintiffs raise a scattershot of arguments that can be grouped into three general categories. *First*, Plaintiffs argue that they did, in fact, exhaust their administrative remedies. *Second*, Plaintiffs argue that FBI's April 6, 2023 letter to them, issued after they filed suit, excuses their failure to exhaust administrative remedies. *Third*, Plaintiffs argue that exhaustion's purposes do not support dismissal here. Because none of these arguments has merit, this Court should enter judgment on the pleadings for the Department.

## A.    Plaintiffs Did Not Exhaust Their Administrative Remedies

Plaintiffs' argument that they "did exhaust administrative remedies," Pls.' Resp. at 3, ECF No. 10, is meritless on its face. There is no dispute that (1) an agency has 20 working days to respond to a FOIA appeal, 5 U.S.C. § 552(a)(6)(A)(ii), (2) "Plaintiffs filed an administrative appeal on January 7, 2023," Compl. ¶ 14, (3) "20 working days from January 7, 2023 is February 6, 2023," *id.* ¶ 15, or (4) Plaintiffs sued on February 6, 2023, the 20th day, *id.* at 11 ("Dated: February 6, 2023"). FOIA imposes a clear, black-and-white requirement that a requester give an agency 20 business days to determine a FOIA administrative appeal, and Plaintiffs indisputably did not do so. Plaintiffs, thus, plainly failed to exhaust their administrative remedies.

Plaintiffs' insistence that FBI had not responded "by the close of business on February 6, 2023," Pls.' Resp. at 3, is neither here nor there. That is because "close of business" is not a relevant concept in the context of FOIA exhaustion. Rather, FOIA gives an agency a full "twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [an] appeal" to make a decision on an appeal, 5 U.S.C. § 552(a)(6)(A)(ii)—not until the "close of business" on the 20th day. An agency thus gets the full 20th day. If Congress meant for an agency's deadline to respond to a FOIA appeal to be the close of business on the 20th day, it knew how to say so—by using the term "close of business," as it often does in other contexts. *See, e.g.*, 12 U.S.C. §§ 635f, 635g(a); 15 U.S.C. § 78fff-4(c); 22 U.S.C. § 3793(a); 25 U.S.C. § 155b; 26 U.S.C. § 1233(f)(1), (3); 31 U.S.C. § 5142(c)(2); 45 U.S.C. § 358(a)(12)(A). Indeed, Congress's choice to modify the sweep of the statutory term "twenty days" expressly, by specifying that it excludes "Saturdays, Sundays, and legal public holidays," 5 U.S.C. § 552(a)(6)(A)(ii), suggests that its decision to not set an agency's response deadline at close of business on the 20th day was deliberate. *See Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1137 (D.C. Cir. 2022) ("expressio unius est exclusio alterius").

Plaintiffs' remaining arguments are equally meritless. Plaintiffs stress that "the summons were not issued . . . until February 7, 2023," Pls.' Resp. 3, but "[a] civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, not with the issuance of summons, which can, and often does, occur "after filing the complaint," Fed. R. Civ. P. 4(b). Plaintiffs explain that they sued on the 20th day "to reflect the urgency of the requested records," Pls.' Resp. at 3, but their self-assessment of the importance of any requested records is no license to ignore FOIA's statutory exhaustion requirement. *See Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) ("we cannot conclude that Khine's interest in immediate judicial review outweighs the agency's interest in managing and completing its administrative process."). Indeed, as this Court previously explained, "[p]ublic interest in a document is not a basis for a court to order disclosure if FOIA exemptions are otherwise validly invoked." *Jud. Watch, Inc. v. Dep't of Just.*, Civ. A. No. 19-2743 (CJN), 2022 WL 2915605, at *7 n.6 (D.D.C. July 25, 2022); *see also Friedman v. Bache Halsey Stuart Shields*, 738 F.2d 1336, 1344 (D.C. Cir. 1984) ("the most urgent need will not overcome an applicable FOIA exemption"). By the same token, public interest is no basis for disclosing a record if a requester disregards FOIA's statutory requirement. After all, the exhaustion requirement serves "important interests," and is "as much a part of [FOIA's] purposes and policies as [the] disclosure requirement." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (cleaned up).

Plaintiffs' remaining arguments are non-sequiturs. Plaintiffs argue that "the Department was unaware of the litigation until February 7, 2023," Pls.' Resp. at 3, but Defendants often do not know about a suit for some time after it is filed, due to, for example, delays in service of process. *See, e.g.*, Fed. R. Civ. P. 4(m) (default 90-day-rule to serve process). None of that has anything to do with when a suit was filed. Plaintiffs' assertion that "[t]he Department is on notice of what aspects of its response are contested," Pls.' Resp. at 8, ECF No. 10, likewise is irrelevant. Whether

an agency knows what aspects of its response a requester challenges has nothing to do with whether the requester exhausted remedies. Indeed, the exhaustion rule would be worth little if a requester could evade it merely by stating, correctly or not, that the agency knows what the dispute is about.

For these reasons, Plaintiffs failed to exhaust their administrative remedies.

### B.    FBI's April 6, 2023 Letter Does Not Excuse Plaintiffs' Failure to Exhaust

Plaintiffs' argument that FBI's April 6, 2023 letter, issued after Plaintiffs filed suit, excuses their failure to exhaust administrative remedies is equally meritless. Because "a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress," *Machado Amadis v. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020), events that occurred after the requester had already filed suit necessarily have no bearing on whether it exhausted administrative remedies. *See Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit"); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) ("Exhaustion of administrative remedies is generally required before filing suit"); *Oglesby v. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990) ("once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review"); *Wisdom v. Tr. Program*, 232 F. Supp. 3d 97, 114 (D.D.C. 2017) ("Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court."); *see also Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985) (affirming dismissal of claim for failure to exhaust remedies "before bringing suit").

FOIA thus measures exhaustion of administrative remedies in the same way federal statutes ordinarily do—at the time a plaintiff files suit. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) (Federal Tort Claims Act ("FTCA")); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (Prisoner Litigation Reform Act ("PLRA")); *Marshall v. Fed. Ex. Corp.*,

130 F.3d 1095, 1098 (D.C. Cir. 1997) (Americans With Disabilities Act); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (Title VII). Indeed, courts have rejected arguments similar to Plaintiffs' under numerous other statutes. In *McNeil*, for example, the Supreme Court held that an FTCA plaintiff who sued before the agency had denied his claim did not exhaust his administrative remedies even though the agency later denied his claim after he had filed suit. 508 U.S. at 112. As the Court explained, in terms that apply with equal force under FOIA, "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id.* (citation omitted). "Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims." *Id.* "The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* The same is true under FOIA.

In *Jackson*, meanwhile, the D.C. Circuit rejected the "argument that the PLRA permits suit to be filed so long as administrative remedies are exhausted before trial," holding that prisoners can sue only "after they have exhausted their prison's administrative remedies." *Jackson*, 254 F.3d at 269. *Jackson* also rejected the argument that the plaintiffs had exhausted their administrative remedies because "the deadline for the prison's response to [a plaintiff's] informal [administrative] complaint had passed" after he filed suit. *Id.* Such a rule, the D.C. Circuit explained, would give prisoners "no incentive to exhaust those remedies prior to filing suit." *Id.* Under such a rule, *Jackson* explained, "[t]he prisoners could complete the grievance process while suit was pending, avoiding dismissal" once that process subsequently completed. *Id.* So, too, under FOIA.

Finally, the D.C. Circuit has held that an employee who files suit before Title VII's 180-day administrative resolution period ends does not constructively exhaust administrative remedies merely because the administrative period later ends. *See Murthy v. Vilsack*, 609 F.3d 460, 465

(D.C. Cir. 2010); *Jones v. Dep't of Just.*, No. 15-5246, 2017 WL 3895064, at *1 (D.C. Cir. July 14, 2017); Mot. at 7. There is no sound reason to reach a different result under FOIA.

Plaintiffs' reliance on *Wilbur v. CIA*, 355 F.3d 675 (D.C. Cir. 2004), is misplaced. There, a requester filed an administrative appeal long after the deadline to do so had long passed, but the agency accepted and resolved his appeal nonetheless. *Id.* at 677. The requester then challenged the agency's response in court. *Id.* Significantly, the requester filed suit only after the agency had responded (within 20 business days) to his appeal. *Id* at 676-77. In arguing that he had exhausted his administrative remedies, the requester thus did not rely on actions that the agency took after he filed suit; to the contrary, all the actions on which the D.C. Circuit relied to find exhaustion took place before the requester had filed suit. *Id.* Allowing the suit to proceed thus "present[ed] no risk of undermining the purposes and policies underlying the exhaustion requirement." There was no "premature interference with agency processes," as those processes already had played out to completion by the time of the suit. *Id.* at 677. And the agency was able to avail itself of the full 20 business days that Congress had given it to bring its "experience and expertise" to bear on the matter and compile a record for review. *Id. Wilbur* thus is consistent with, and did not create an exception to, the requirement that a requester first exhaust remedies before suing. Here, in contrast, Plaintiffs sued without first exhausting their remedies. Nothing in *Wilbur* blesses that approach.[1]

Plaintiffs' reliance on *Bayala v. Department of Homeland Security*, 827 F.3d 31, 36 (D.C. Cir. 2016), also is misplaced. In *Bayala*, an agency issued an "original administrative decision," then "abandoned its original FOIA decision" and "craft[ed] a new, five-page-long explanation for this different withholding decision." *Id.* at 35. Here, in contrast, the Department did not abandon

---

[1]    Because Plaintiffs misconstrue *Wilbur*, their argument that *Wilbur* "demolish[es]" the Department's futility analysis, Pls.' Resp. at 7, fails.

its position that Plaintiffs failed to reasonably describe the records they sought—nothing in FBI's April 6, 2023 response letter purports to abandon that position. ECF No. 10-1. Nor, in stating that "[t]he FBI can neither confirm nor deny the existence of records responsive to your request," *id.*, did FBI intend to withdraw its position that Plaintiffs had not reasonably described the records sought. Such statements are hardly inconsistent, as an agency naturally "can neither confirm nor deny the existence of records responsive to [a] request," *id.*, if that request "does not contain enough descriptive information to permit a search of our records," ECF No. 1-6. A request might describe records so unclearly that an agency cannot state whether it has the records sought. Or the agency might conclude that a *Glomar* response would be proper for any records that the request conceivably could be construed to seek, even though the request does not describe such records reasonably.[2] Because FBI's April 6, 2023 letter did not withdraw its position that Plaintiffs did not reasonably describe the records sought, *Bayala* is inapposite.

Context confirms that the Department did not withdraw its argument that Plaintiffs did not reasonably describe the records sought. In its initial response to Plaintiffs' request, FBI requested, pursuant to 28 C.F.R. § 16.3(b), that Plaintiffs "please provide us more specific information," offering a list of "[e]xamples of specific information which could assist in locating potentially responsive records within a reasonable amount of effort." ECF No. 1-6. Such examples included, for individuals, "Complete name," "Birth date," "Place of birth," "Place of death," "Date of death," "Date," and "location of incident;" and, for organizations or events, "Date of event," "Time frame," and "Location." *Id.* But Plaintiffs refused to provide any such information, or any other information that would enable FBI to ascertain the precise records that they sought. *See* ECF No.

---

[2]    "[A] *Glomar* Response refers to an agency's refusal to either confirm or deny the existence of the records requested." *Montgomery v. IRS*, 40 F.4th 702, 708 (D.C. Cir. 2022).

1-7 (Plaintiffs' letter offering no additional identifying information for records sought). Given that Plaintiffs' request did not permit the Department to ascertain the records they sought, and Plaintiffs refused to provide additional information to clarify their request, the April 6, 2023 letter is not sensibly read to withdraw the position that Plaintiffs did not reasonably describe such records. The more sensible conclusion is that the Department meant to preserve that position.[3]

Nor does the mere fact that the April 6, 2023 letter did not expressly state that Plaintiffs did not reasonably describe the records they sought constitute a withdrawal of that position. The requirement that a request "reasonably describes" the records that it seeks is an essential element of a FOIA claim. 5 U.S.C. § 552(a)(3)(A); *see also Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) ("an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records'"); *Voinche v. FBI*, 412 F. Supp. 2d 60, 66 (D.D.C. 2006) (characterizing this rule as one of FOIA's "statutory requirements"). And "[a] defense of failure to state a claim can never be waived" merely by not raising it early in a case. *Wyatt v. Syrian Arab Rep.*, 398 F. Supp. 2d 131, 16 n.7 (D.D.C. 2005); *see also* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised" later in a case, even if not raised in a motion to dismiss); *Seeger v. Dep't of Def.*, 306 F. Supp. 3d 265, 282 (D.D.C. 2018) ("failure to state a claim upon which relief can be granted is not a defense that can be waived if a party fails to include it in a responsive pleading or other papers filed with the Court").

The April 6, 2023 letter thus does not excuse Plaintiffs' failure to exhaust.

---

[3]    The FBI is in the process of preparing a revised letter clarifying that it had not intended to withdraw its position that Plaintiffs did not reasonably describe the records sought, and still adheres to that view. The FBI intends to issue that letter shortly, and the Department will inform the Court once the letter issues.

C.        **Exhaustion's Purposes Warrant Dismissal**

Plaintiffs' argument that exhaustion's purposes do not merit dismissal also fails. By suing before the end of the 20-day period Congress that gave agencies to respond to FOIA administrative appeals, Plaintiffs sought to induce "premature interference with agency processes." *Wilbur*, 355 F.3d at 677. Just as a "premature appeal" does "not promote the purposes of the exhaustion doctrine," *Hidalgo*, 344 F.3d at 1259, nor does a premature lawsuit serve those purposes. By suing prematurely, Plaintiffs likewise deprived the Department of an opportunity to bring its "experience and expertise" to bear on the matter at hand. *Wilbur*, 355 F.3d at 677. Had Plaintiffs responded to the Department's request for clarification on what records they were seeking, the parties might have been able to narrow their dispute—or at least "compile an adequate record for review." *Id.*

That Plaintiffs were premature by hours, rather than days or weeks, is irrelevant. The Department was entitled to every moment of the 20 business days that Congress had given it to respond to the appeal, as explained above. Nor does it matter whether the Department was likely to respond to the appeal in the final few hours that remained on the clock, or that the Department did not ultimately do so. As the Department previously explained, there was no "certainty," at the time that Plaintiffs filed suit, that the Department would not respond to the appeal in the time still left on the clock based on the facts known to Plaintiffs at the time that it sued (rather than hindsight in light of subsequent events). *Tesoro Ref. & Mktg. Co. v. FERC*, 552 F.3d 868, 874 (D.C. Cir. 2009); Mot. at 6. This accords with the D.C. Circuit's emphasis on the *ex ante* state of affairs in other FOIA contexts. *See, e.g.*, *Morley v. CIA*, 810 F.3d 841, 844 (D.C. Cir. 2016) (in attorney's fees context, "if it's plausible *ex ante* that a request has a decent chance of yielding a public benefit, the public-benefit analysis ends there"). As such, Plaintiffs' argument that any response to their appeal in the final hours on the clock was "hypothetical," and that "had the Department intended

to respond at the eleventh hour, it would have done so," Pls.' Resp. at 6, misses the mark. What matters is that Plaintiffs did not know whether the Department would respond to the appeal in the time left on the clock when they chose to cut the administrative process short and sue. *Tesoro Ref.*, 552 F.3d at 874; Mot. at 6. The facts that obtained at the moment that Plaintiffs filed suit are determinative here, and what occurred later is irrelevant to the exhaustion question.

Plaintiffs' counterarguments are unpersuasive. Plaintiffs argue that "the Department was provided an opportunity to follow its administrative processes and chose not to do so," Pls.' Resp. at 5, but they themselves cut the process off early. Plaintiffs had no right to decide unilaterally that the Department had less time to adjudicate their appeal than Congress chose to provide. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) ("We are interpreting and applying not a judge-made doctrine but a statutory requirement, and therefore must honor Congress's choice."). Congress is entitled to decide how much time an agency has to respond to a FOIA appeal—an individual requester is not. Plaintiffs' assertion that they "provided the Department time to reconsider or correct initial errors and misjudgments," Pls.' Resp. at 6, similarly is both presumptuous and irrelevant. What matters is how much time Congress chose to provide the Department to respond to a FOIA appeal, not the time that Plaintiffs deigned to allow as a matter of their own grace. And for the same reason, Plaintiffs' argument that it "initiated this action only after the appeal was ignored," *id.* at 8, misses the point—Plaintiffs were not entitled to decide that the Department had "ignored," *id.*, it for too long until the period that Congress had provided the Department to consider the appeal had run. Finally, Plaintiffs argue that there is no "benefit from agency expertise in considering this *Glomar* response," Pls.' Resp. at 5, is incorrect. Plaintiffs do not deny that the Department had requested additional information to clarify their request, ECF No. 1-6—information that might well have

enabled the Department to identify records that it could acknowledge and produce—or that they refused to provide any such information in response to this request, ECF No. 1-7.[4]

For these reasons, exhaustion's purposes warrant dismissal of Plaintiffs' suit.

## CONCLUSION

This Court should enter judgment on the pleadings for the Department and dismiss Plaintiffs' claims.

Dated: June 12, 2023                    Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By: /s/ Bradley G. Silverman
                                        BRADLEY G. SILVERMAN
                                        D.C. Bar #1531664
                                        Assistant United States Attorney
                                        601 D Street NW
                                        Washington, DC 20530
                                        (202) 252-2575

                                        *Attorneys for the United States of America*

---

[4]     Contrary to Plaintiffs' apparent misunderstanding, the Department did not argue that their "fail[ure] to engage in the alternatives to litigation," Pls.' Resp. at 8, merits dismissal. What it said was merely that "[t]he need to enforce FOIA's statutory exhaustion requirement is especially acute given the . . . numerous alternatives to FOIA litigation that Congress has created." Mot. at 8. Plaintiffs' preference to start litigation, rather than work either with the Department to fashion a proper request, or with a FOIA ombudsman at the Department or the National Archives and Records Administration, further undermines any arguments they offer for sidestepping their duty properly to exhaust their FOIA claims.